THOMAS C. BUGBEE vs. CHARLES N. ALLEN.

Hartford Dist., Jan. T., 1888. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The plaintiff sued to recover a large sum of money which he claimed that the defendant, who had been intrusted with the principal management

Bugbee *v.* Allen.

of his business for three years, had during that time received from the business and not accounted for. Held that he was not limited in his evidence to specific sums received and not accounted for, but might show every sum received by the defendant and the different sums paid out in the business or paid to the plaintiff.

And for this purpose the plaintiff might show by the books kept by the defendant or those employed by him, or by any other proper evidence, the daily state of the business and that at the end of the period there was a balance unaccounted for.

[Argued January 3d—decided February 13th, 1888.]

ACTION for money of the plaintiff received by the defendant and not accounted for ; brought to the Superior Court in Windham County, and tried to the jury, upon a general denial, before *Fenn, J.* The plaintiff claimed the right to recover a large sum ; the jury returned a verdict in his favor for $45.46, and he appealed for error in the exclusion of evidence offered by him. The case is fully stated in the opinion.

*J. L. Hunter* and *J. M. Hall,* for the appellant.

*J. J. Penrose* and *E. M. Warner,* for the appellee.

PARDEE, J. In 1873 the plaintiff was, and during several years prior thereto had been, a dealer in stoves, tin and hardware, crockery and farming tools, and a manufacturer of tinware. From 1873 to 1885 the defendant was in his service as a clerk in his store. During this time the latter acquired the confidence of the plaintiff to such a degree as that, between June, 1882, and November 10th, 1885, he had by the plaintiff's permission the leading part in the management of the business ; buying goods and fixing the selling price, assisting in counting and depositing money, and drawing checks in the plaintiff's name. The plaintiff had no skill in bookkeeping ; the defendant, together with the clerks hired and directed by him, made the entries upon the books of account. During a portion of the time the business amounted to $40,000 per year. On November 10th the defendant ceased to labor for the plaintiff. The plaintiff alleges

that the defendant omitted to account for money received by him to the plaintiff's use to the extent of about $14,000; and this suit is for the recovery thereof.

Upon the trial, for the purpose of proving his allegation that the defendant had omitted to pay to him from time to time, during three or four years, divers sums of money, amounting to about $14,000, the plaintiff offered to prove, by the books of account, the receipt of money by the defendant from the business from day to day between June 2d, 1882, and November 10th, 1885; also his expenditures for the same time, in the same manner; also, his payments to the plaintiff. The court rejected the evidence.

The stenographer's report of the matter is as follows :—

" *Mr. Hall.* We offer the facts; we offer to show the receipts of T. C. Bugbee from June 2d, 1882, to November 10th, 1885, day by day, as shown by the books; we propose to follow that by the expenditures of T. C. Bugbee, every cash outgo as shown by the books for the same period; we propose to follow that by evidence showing every dollar that was paid out for merchandise, also showing every check that was drawn, and by whom, and also showing how much Bugbee drew of this entire mass of money that went out from this bank, and the amount that he drew of this mass. Of course the inferences that are to be drawn from this statement of facts are for the jury—that there was a shortage of some $15,000.

" *The Court.* I think, Mr. Hall, it would be going into an indefinite amount of details. If you can show any specific sum of money that came into his hands you have a right to do it, and call upon him for it; I will not allow you to go into these details.

" *Mr. Hall.* We have shown already that in the prosecution of this business all this money nightly went into deposit in the bank (or such portion of it as Mr. Allen saw fit to put in), and that he always did it, almost without exception. All the other clerks state that he almost always did it.

" *The Court.* You would make him chargeable with every mistake made by any other bookkeeper there, in view of the

proposition which you now make ; it seems to me that that would be testimony which would be extremely inadmissible. You might ask that an auditor be appointed, but to take the time and keep the court and jury for weeks and months examining and overhauling the books, we do not desire. I do not believe that it tends to prove the issue. I rule out the books absolutely.

"*Mr. Hunter.* Isn't it a matter for the jury? We understand that the court rules out the books introduced here for the purpose of showing the receipts and expenditures of Mr. Bugbee from June 1st, 1882, to November 10th, 1885.

" *The Court.* I have already in detail stated what my ruling was upon the subject ; perhaps it amounts to that.

"*Mr. Hall.* We have the bill of particulars in which we charge the defendant with cash for various months—August, September 2d, $244.80, etc. Now to support that charge we offer in that month to show the receipts and expenditures of Mr. Bugbee. I suppose that would be included in the same ruling?

" *The Court.* Yes, sir.

" *Mr. Hall.* And so in reference to all these items?

" *The Court.* Yes, sir.

" *Mr. Hall.* Sometimes reaching as high as $700?

" *The Court.* Yes, sir.

" *Mr. Hall.* We except to all of these rulings."

The court accepted a verdict for the plaintiff for $55.46. He appeals, and assigns the following reason for appeal, among others which it will not be necessary for us to consider :—That the court erred in restricting the use of the books and documents, offered in evidence, solely to showing some particular item, and not allowing the plaintiff to show by them the daily state of his business during the time covered by his bill of particulars, and that from time to time, as set out in his bill of particulars, there was an apparent cash deficiency for which the plaintiff claimed the defendant was holden and should account.

We think there was error in the foregoing ruling.

It is the effect of the complaint that during the years last

Bugbee *v.* Allen.

specified the defendant had been in the almost daily receipt of money for the plaintiff's use; that from time to time he omitted to account for portions of it; and that at the end the omissions had reached the sum of $14,000. The defendant denied the retention of any sum. It is the right of the plaintiff to prove the utmost dollar into the possession of the defendant, and for this purpose to use every properly authenticated entry, memorandum or admission; his right, in opening, in anticipation of the defendant's evidence, to prove the date and amount of each reception of money by the latter, and of each payment by him to or for the plaintiff's use. His claim is for a balance upon an adjustment of accounts. Of necessity he must build up his case item by item.

From the character of the business, the mode of its transaction, and the fact that money has no ear mark, it would be impossible to prove that the defendant had withholden specified parcels of money received at specified times from a specified source. The plaintiff is not shut up to that impossibility. And perhaps a portion was paid over and the balance retained by the defendant from every sum received.

The plaintiff may prove that the books, as kept by the defendant, or by those employed by him, show that at the end of the specified period of agency the defendant retained a sum of money belonging to him.

Of course there would remain to the defendant the right to prove that there are errors in or omissions from the books. With great propriety the issue might have been closed to the court and sent to an auditor for trial. It was closed to the jury. Because of this, however, the plaintiff lost none of his rights; he was before a tribunal provided by law; he must be allowed to exhaust all admissible evidence legally pertinent to his allegations.

There is error in the judgment complained of, and a new trial is granted.

In this opinion the other judges concurred.